```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

United States,

        - against -                                    CR-90-216 (CPS)

Cecil Simon, a.k.a. Cecil Jackson,                     SENTENCING
                                                       MEMORANDUM
                Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

    Cecil Simon was convicted in 1990 of one count of conspiring to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 and one count of using a firearm in relation to that conspiracy in violation of 18 U.S.C. § 924(c)(1). Simon was sentenced primarily to 322 months imprisonment and 4 years of supervised release. This Court subsequently vacated defendant's § 924(c)(1) conviction. On March 15, 2005, Simon was re-sentenced principally to a term of 262 months imprisonment and five years supervised release. Presently before this Court is Simon's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] For the reasons that follow, Simon's motion is

---

[1] 18 U.S.C. § 3582(c)(2) states:

    in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

denied.

## Background

The following facts are drawn from the record of the prior proceedings before the undersigned and the parties' submissions in connection with this motion.

Simon was arrested in February 1990, and was indicted on March 15, 1990, on various narcotic and drug offenses revealed by a December 6, 1988 search of his home. Simon was thereafter convicted after trial of one count of conspiring to distribute and possess with intent to distribute in excess of 50 grams of cocaine base ("crack") in violation of 21 U.S.C. § 846 and one count of using firearms during and in relation to that conspiracy in violation of 18 U.S.C. § 924(c)(1). He was acquitted of possession of cocaine base with the intent to distribute.

On August 14, 1990, I sentenced Simon to 322 months of imprisonment. I calculated that Simon's base offense level for the narcotics offense was 36 due to his participation in a conspiracy involving 660 grams of crack. I adjusted that level upward one level to account for Simon's obstruction of justice as a result of his attempt to alter his handwriting when giving a handwriting exemplar for use at his trial. Given Simon's criminal offense history of III, the resulting Guidelines sentencing range for the narcotics offense was 262 to 327 months imprisonment. I sentenced Simon to 262 months on the drug count

plus a consecutive statutory 60 month term of imprisonment on the firearms count, for a total term of 322 months. In addition, I imposed four years of supervised release and a special assessment of $100. The Second Circuit affirmed Simon's sentence and conviction on April 3, 1991. *See United States v. Simon*, 932 F.2d 955 (2d Cir. 1991) (table).

In 1996, Simon filed a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking to vacate his weapons conviction in light of *Bailey v. United States*, 516 U.S. 137, 150 (1995). I observed that Simon's motion could not be granted pursuant to § 3582 and that § 2255 relief had become unavailable because of a previous § 2255 motion. I did not dismiss the application on that basis, but construed petitioner's § 3582 motion as a § 2241 petition. I vacated Simon's § 924(c)(1) conviction in light of the Government's concession that *Bailey* rendered it invalid, and held that he would be re-sentenced on his drug conspiracy conviction.

In calculating a new sentence, I began with the offense level 37 as required by Simon's conspiracy conviction and obstruction of justice enhancement. I then added a two-point enhancement pursuant United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1), which required a two-level increase in a defendant's offense level "if a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). This resulted in a final offense level of 39 and a sentencing range of

324 to 405 months. In recognition of Simon's original 322 month sentence, I departed downward, with the Government's consent, and imposed a 322-month term of imprisonment, which was equal to Simon's original sentence.

Simon appealed the sentence, and the Second Circuit held that "in view of the various potential obstacles to relief on successive § 2241 petitions, and in the absence of Simon's consent" the "*sua sponte* recharacterization of his § 3582 motion as a § 2241 petition was improper." *Simon v. United States*, 359 F.3d 139, 145 (2d Cir. 2004). The Second Circuit vacated the case and remanded "to give Simon an opportunity to decline to have his § 3582 motion converted into a § 2241 petition." *Id*. This Court was instructed that if Simon agreed to proceed pursuant to § 2241, the "district court should act on the converted § 2241 petition." *Id*. at 145 n.12. Although Simon had raised various other claims on appeal regarding his sentence, including the validity of the two-point firearms enhancement, the Second Circuit did not address the validity of those claims.

Simon advised this Court that having been apprised of the consequences of the conversion, he consented and wished to proceed pursuant to § 2241. Simon argued that his weapons conviction should be vacated as it was in the previous § 3582 application, and that he should have been re-sentenced on the drug conspiracy charge *de novo*; the Government concurred on both

these points.  Because of the Supreme Court's intervening decision in *United States v. Booker*, 125 S.Ct. 738 (2005), Simon also sought a reduction in his sentence.

On March 15, 2005, Simon was re-sentenced to a non-guideline sentence.  The Sentencing Guidelines again started with a total offense level of 39 after upwardly adjusting his base offense level by one level due to Simon's obstruction of justice and by two levels because of Simon's possession of a firearm.  Given Simon's criminal offense history of III, the recommended Sentencing Guidelines range was 324 to 405 months imprisonment.

I chose to impose a non-guideline sentence because I found that the recommended Sentencing Guidelines range of 324 to 405 months substantially overstated the seriousness of crack offenses, when compared with offenses involving comparable quantities of powder cocaine.  After taking into consideration the § 3553(a) factors, I concluded that a sentence of 262 months imprisonment to be followed by five years supervised release was sufficient but not greater than necessary to accomplish the objectives of sentencing.

On November 1, 2007, Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1 took effect.  Amendment 706 generally reduces by two levels the base offense levels applicable to crack offenses.  On December 11, 2007, the United States Sentencing Commission (the "Sentencing Commission") voted

to apply the amendments to U.S.S.G. § 2D1.1 retroactively, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, which implemented the retroactive application of amended U.S.S.G. § 2D1.1, as of March 3, 2008.

On February 11, 2008, pursuant to 18 U.S.C. § 3582(c)(2), I held that the sentence of Simon's co-defendant Michael Anthony Wood should be reduced to 212 months and ordered his release on March 3, 2008.

On February 14, 2008, Simon filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

Simon has been in the custody of the Bureau of Prisons since May 25, 1990. He has had a history of disciplinary infractions over the course of his incarceration. Between 1991 and 2000, Simon's infractions included assault and fighting with others. In 2001, he had one infraction related to the treatment of his medical problems. In 2007, he had two infractions, one for being unsanitary and one for failing to obey an order, both of which Simon states are related to his medical problems. Defendant states that he continues to suffer from ulcerative colitis and that the specialist treating him has acknowledged that he is not getting the same treatment in prison as he would if he were not in prison. Simon's projected release date is September 12, 2009.

## Discussion

Pursuant to 18 U.S.C. § 3582(c)(2), this Court may modify the sentence of a defendant whose term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). With respect to the retroactive application of amended U.S.S.G. § 2D1.1, the Sentencing Commission advises that reductions in sentences for defendants whose original term of imprisonment constituted a non-guideline sentence pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), are generally not appropriate. U.S.S.G. § 1B1.10(b)(2)(B), p.s.

Under the amended guidelines, Simon's base offense level would be 34. With the upwards adjustment for the obstruction of justice and firearm possession, his total offense level would be 37. The applicable sentencing range under the amended guidelines would be 262 to 327 months, which is lower than the previously applicable range of 324 to 405 months, but which would encompass the non-guideline sentence imposed in December, 2005. Although the revised sentencing range for Simon's offense is lower than the range from which I departed in 2005, I do not find a further reduction to his sentence appropriate for the reasons that follow.

Simon argues that the four level reduction of his base offense level that was applied at his 2005 re-sentencing was not

due simply to the disparities between crack and powder cocaine offenses, but was also on account of his age, health, and the history of the case.

In fact, I reduced defendant's base offense level by four levels principally, if not entirely, because I concluded that the crack guidelines overstated the seriousness of the offense. Thus, Simon has already had the benefit of a re-evaluation of the seriousness of crack offenses to a degree greater than that afforded in the Sentencing Commission's recent amendment. In an effort to mitigate the appearance of injustice *to Simon's co-defendant Wood*, whose criminal history was substantially less serious than Simon's, but who at the time of Simon's re-sentence was serving the same sentence as that which I was then imposing on Simon, I also took note of Simon's age, health, and delays in the imposition of the sentence. Having done that, however, I then sentenced Simon at the top of what appeared the appropriate guideline range again principally out of concern for what would otherwise be a serious disparity between his sentence and that of Wood, who had not at that point had the benefit of the post-*Booker* regime and my views as to the seriousness of crack vis a vis powder cocaine.

Defendant now argues that because I reduced the sentence of Wood after applying the amended Guidelines retroactively, I should reduce his sentence as well to avoid an unwarranted

disparity.[2] However, the recent modification of Wood's sentence in fact *eliminated* the vestiges of unwarranted disparity between the two defendants. As noted, Wood was serving a sentence imposed prior to *Booker* and did not until recently benefit from re-consideration of the discrepancy between crack and cocaine offenses. Wood continues to have a lower criminal history category than Simon. Unlike Simon, during the entire period of Wood's incarceration, no disciplinary action was ever taken against him. Simon, on the other hand, had at least one serious disciplinary infraction during his incarceration. Accordingly, a comparison between Simon and his co-defendant does not support a conclusion that Simon's sentence should be further reduced.

In accordance with the Second Circuit's recent ruling in *United States of America v. Jose Regalado,* --- F.3d ----, 2008 WL 577158 (2d Cir. 2008), I have again reviewed the § 3553 factors and reach the same conclusion as I did at defendant's 2005 re-sentencing. Because Simon's sentence would not have been any different had *Kimbrough v. United States*, 128 S.Ct. 558 (2007) and *Gall v. United States*, 128 S. Ct. 586

---

[2] Defendant cites to several cases in support of this argument. *See United States v. Boshell,* 952 F.2d 1101 (9th Cir. 1991); *United States v. Ray*, 930 F.2d 1368 (9th Cir. 1991); *United States v. Colby*, 367 F.Supp. 2d 1 (D.Me. 2005); and *United States v. Revock,* 353 F.Supp. 2d 127 (D.Me. 2005). Those cases address the potential for sentencing disparities between co-defendnats based on the timing of their convictions and/or sentencings. Here, any potential for a sentencing disparity was based on Wood's sentencing prior to *Booker* and Simon's sentencing post-*Booker*. By modifying Wood's sentence pursuant to 18 U.S.C. § 3582(c), I have already corrected for any disparity between the defendants. Accordingly, the cases which defendant relies upon do not support the conclusion that his sentence should be reduced.

(2007) been decided prior to his 2005 sentence and for the reasons stated above, I decline to re-sentence Simon at this time. Accordingly, defendant's motion is denied.

## Conclusion

For the reasons set forth above, defendant's motion for a reduction in sentence is denied. The Clerk is directed to transmit a copy of the within to the parties.

SO ORDERED.

Dated :   Brooklyn, New York
          March 25, 2008

                 By:   /s/ Charles P. Sifton (electronically signed)
                             United States District Judge